

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00330-CR
## NO. 02-14-00331-CR
## NO. 02-14-00332-CR

MCKENDRICK PATTON, III                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1288658D, 1164893D, 1162203D

----------

## MEMORANDUM OPINION[1]

----------

In July 2012, Appellant was found guilty of aggravated robbery in cause no. 02-14-00331-CR, and the trial court sentenced him to ten years incarceration, suspended the sentence, and placed him on community supervision for ten years, based on a jury's verdict. Also in July 2012, the trial court accepted

---

[1]See Tex. R. App. P. 47.4.

Appellant's pleas of guilty and placed Appellant on deferred adjudication community supervision for ten years in another aggravated robbery case (cause no. 02-14-00332-CR) and for ten years in a bail-jumping case (cause no. 02-14-00330-CR), to run concurrently. In July 2014, the State filed a petition to revoke community supervision and two petitions to proceed to adjudication.

At the hearing on the petitions, Appellant entered open pleas of true to six of the State's allegations. After hearing testimony from Appellant's probation officer and Appellant's mother, the trial court found that Appellant had violated the terms and conditions of his community supervision as alleged in four paragraphs of the State's petitions. It adjudicated Appellant guilty of aggravated robbery and bail-jumping, revoked his community supervision, and sentenced him to thirty-year, ten-year, and ten-year sentences respectively, with all sentences to run concurrently. This appeal followed.

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant filed a pro se response. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this

court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When performing this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues Appellant raises in his pro se response. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's response, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2015